UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| THOMAS WAYNE FLORENCE, § | |
| TDCJ-CID No. 654322, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. V-06-112 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, Texas Department of Criminal § | |
| Justice, Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION & ORDER**

Thomas Wayne Florence ("Florence"), an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. (Dkt. #1). The Director has filed a motion for summary judgment (Dkt. #25) to which Florence has responded (Dkt. #27). Florence has also filed motions for summary judgment. (Dkt. #8); (Dkt. #28). Having considered the motions, response, record and the relevant law, the Court finds that the Director's motion for summary judgment should be GRANTED and the petitioner's motions for summary judgment should be DENIED.

**I. Background**

Florence is currently incarcerated in the TDCJ-CID Stevenson Unit and claims that his rights were violated in regard to the denial of his parole. On November 15, 2005, Florence filed a state petition for a writ of habeas corpus. On December 1, 2005, Florence's petition was denied

1

by the District Court of Galveston County, Texas, 122nd Judicial District. *Ex Parte Thomas Wayne Florence*, No. 91CR0155-83 (122nd Dist. Ct., Galveston County, Tex. Dec. 1, 2005). On February 15, 2006, the district court's ruling was reversed and remanded by the Court of Criminal Appeals of Texas for further factual findings. *Ex Parte Thomas Wayne Florence*, No. WR-63, 75-01 (Tex. Crim. App. February 15, 2006). On June 2, 2006 the district court entered an order containing certain findings of fact. *Ex Parte Thomas Wayne Florence*, No. WR-63,775-01, No. 91CR0155-83 (122nd Dist. Ct., Galveston County, Tex June 2, 2006). On September 27, 2006, the Court of Criminal Appeals of Texas denied Florence's application for a writ of habeas corpus "without written order on findings of trial court without hearing." *Ex Parte Thomas Wayne Florence*, No. WR-63,775-01, action taken sheet (Tex. Crim. App. September 27, 2006). Florence filed his present federal habeas petition on October 10, 2006. (Dkt. #1 at 9).

## II. Claims and Allegations

Florence has asserted that the Texas Board of Pardons and Paroles ("Board") has:

1. retaliated against Florence when it denied release on parole because he had objected to the imposition of the sex offender program (Dkt. #1 at 7);

2. violated Florences due process rights when it violated its own polices and procedures (Dkt. #1 at 7);

3. improperly considered a sex offense that was expunged from Florence's record (Dkt. #1 at 7);

4. violated Florence's rights against *ex post facto* laws (Dkt. #8 at 11); and

5. violated Florence's equal protection rights (Dkt. #8 at 11).

## III. Exhaustion of State Remedies

Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. *See Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997).

To exhaust his state remedies, the petitioner must fairly present the substance of his claim to the state courts. *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)).

Exhaustion requires that federal claims be fairly presented to the highest court of the relevant state. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). In Texas, a petitioner satisfies this requirement by presenting his claims to the Court of Criminal Appeals of Texas by filing a petition for discretionary review or, in post-conviction matters, by filing a state application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).

The Court has reviewed Florence's state application for a writ of habeas corpus. In his application, Florence asserted three grounds for relief. None of these grounds involve *ex post facto* laws or equal protection rights. No additional material or argument is attached to Florence's application. No claims involving *ex post facto* laws or equal protection rights were presented to the Court of Criminal Appeals of Texas. Furthermore, none of the exceptions to the exhaustion requirement under 28 U.S.C. § 2254 have been established. Accordingly, the Court finds that Florence has failed to exhaust his claims involving *ex post facto* laws and equal protection rights.

The Director concedes that Florence's remaining claims have been exhausted. After examining the record, the Court agrees.

## IV.  Summary Judgment Standard

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light

most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[1]  The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S. Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,106 S. Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc*., 106 S. Ct. 2505, 2511 (1986).

---

[1] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

## V.  Discussion

"'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'"  *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995)(citing *Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)).  It is well established that Texas prisoners do not have any liberty interest in parole.  *Orellana* 65 F.3d at 32.  Because Texas prisoners have no constitutional interest in parole, any failure of the Board of Pardons and Paroles to follow its own rules does not raise a federal constitutional issue.  *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

All of Florence's remaining claims involve perceived violations of constitutional rights that were implicated during his parole proceedings.  However, Texas prisoners have no liberty interest in parole.  Florence has failed to point to any other constitutional bases justifying relief.  Accordingly, the Court finds that all three of Florence's claims do not warrant habeas relief.[2]

## VI.  Certificate Of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate

---

[2] Alternatively, Florence's retaliation claim fails because it is conclusory and wholly unsupported by the record evidence.  *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that Florence has not made a substantial showing that reasonable jurists would find the Court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

## Conclusion

The Court **ORDERS** the following:

1. This petition for a writ of habeas corpus is **DISMISSED**, with prejudice.

2. The petitioner's motions for summary judgment are **DENIED**. (Dkt. #8); (Dkt. #28).

3. The Director's motion for summary judgment (Dkt. #25) is **GRANTED**.

4. Florence's remaining motions are **DENIED** as moot. (Dkt. #7); (Dkt. #11); (Dkt. #12); (Dkt. #13); (Dkt. #19); (Dkt. #23); (Dkt. #26); (Dkt. #29); (Dkt. #31); (Dkt. #34); (Dkt. #35).

5. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 20th day of September, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE